1   WILLIAM R. TAMAYO - #084965 (CA)
    JONATHAN T. PECK - #12303 (VA)
2   MARCIA L. MITCHELL - #18122 (WA)
    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3   San Francisco District Office
    345 Spear Street, Suite 500
4   San Francisco, CA 94105
    Telephone No. (415) 625-5651
5   Fax No. (415) 356-5657

6

7   LAW OFFICE OF STEWART KATZ
    STEWART KATZ, State Bar # 127425
8   COSTA KERESTENZIS, State Bar #186125
    1001 G Street, Suite 100
9   Sacramento, CA 95814
    Telephone No. (916) 444-5678
10  Fax No. (916) 444-3364

11  Attorneys for Plaintiff

**FILED**

DEC - 2 2003

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DEPUTY CLERK

*LODGED*

NOV 2 1 2003

CLERK, U.S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

12          UNITED STATES DISTRICT COURT

13          EASTERN DISTRICT OF CALIFORNIA

14

15  EQUAL EMPLOYMENT OPPORTUNITY      )   CIVIL NO.  S-02-0151-MCE JFM
    COMMISSION,                      )
16                                   )
                                     )   STIPULATION AND ORDER FOR
17          Plaintiff,               )   DISMISSAL WITH PREJUDICE
                                     )
18      v.                           )
                                     )
19  WESTERN AUTO POOL & TRANSPORT    )
                                     )
20          Defendant.               )
                                     )

21

22      WHEREAS, Plaintiff United States Equal Employment Opportunity Commission and

23  Defendant Western Auto Pool & Transport, Co., have entered into a Settlement Agreement, a

24  true and correct copy of which is attached hereto as Exhibit A, which is satisfactory to the

25  parties, and;

26      WHEREAS, the Settlement Agreement states that the United States District Court for the

27  Eastern District of California shall reserve jurisdiction pursuant to *Kokkonen v. Guardian Life*

28  *Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th

1   Cir. 1998) as necessary to enforce the Settlement Agreement or to resolve any disputes that may

2   arise in the future regarding the agreement;

3       IT IS HEREBY STIPULATED by and among the parties, through their undersigned

4   counsel, subject to the provision in the preceding paragraph, that this action is dismissed with

5   prejudice.

6       IT IS FURTHER STIPULATED that this stipulation is based on Rules 41(a)(1)(ii) of the

7   Federal Rules of Civil Procedure.   Each party agrees to bear its own attorneys' fees and costs.

8

9   Dated: 11/20/03                          _Marcia L. Mitchell_
                                             MARCIA L. MITCHELL
10                                           Senior Trial Attorney

11                                           EQUAL EMPLOYMENT
                                             OPPORTUNITY COMMISSION
12

13  Dated: 11-26-03
                                             STEWART KATZ
14                                           COSTA KERESTENZIS

15                                           LAW OFFICE OF STEWART KATZ
                                             1001 G Street, Suite 100
16                                           Sacramento, CA 95814

17

18                      **ORDERED**

19      Based upon the foregoing stipulation, and good cause appearing therefor,

20      IT IS SO ORDERED, with this Court retaining jurisdiction to enforce the Settlement
    Agreement, in the manner set forth in the Settlement Agreement, that this action be and is hereby
21  dismissed with prejudice.

22

23  Dated: DEC - 1 2003

24                                           MORRISON C. ENGLAND, JR.
                                             UNITED STATES DISTRICT JUDGE

25

26

27

28

                                    2

1  WILLIAM R. TAMAYO - #084965 (CA)
   JONATHAN T. PECK - #12303 (VA)
2  MARCIA L. MITCHELL - #18122 (WA)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   901 Market Street, Suite 500
4  San Francisco, CA 94103
   Telephone No. (415) 356-5122
5  Fax No. (415) 356-5046

6
   Attorneys for Plaintiff                .
7

8  LAW OFFICE OF STEWART KATZ
   STEWART KATZ, State Bar # 127425
9  COSTA KERESTENZIS, State Bar #186125
   1001 G Street, Suite 100
10 Sacramento, CA 95814
   Telephone No. (916) 444-5678
11 Fax No. (916) 444-3364

12              UNITED STATES DISTRICT COURT

13             EASTERN DISTRICT OF CALIFORNIA

14

15 EQUAL EMPLOYMENT OPPORTUNITY          )
   COMMISSION,                          )   CIVIL NO.  S-02-0151-MCE JFM
16                                       )
17              Plaintiff,              )   SETTLEMENT AGREEMENT
                                        )
18     v.                              )
                                        )
19                                       )
   WESTERN AUTO POOL & TRANSPORT        )
20                                       )
              Defendant.                )
21                                       )

22

23                    **I. INTRODUCTION**

24     Plaintiff, EEOC, filed this action alleging that Charging Party, Jeannie Smith, was

25 subjected to unwanted sexual comments and touching during her employment at Defendant,

26 Western Auto and Transport.  The Complaint alleges that the comments and touching created a

27 sexually hostile work environment resulting in Ms. Smith's constructive discharge in violation of

28 Title VII of the Civil Rights Act of 1964, as amended.

   Settlement Agreement

                              1

Defendant, Western Auto Pool & Transport Company ("WAP") filed an Answer denying the EEOC's allegations and asserting several affirmative defenses.

The EEOC and WAP want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Settlement Agreement to further the objectives of equal employment opportunity as set forth in Title VII.

## II. NON-ADMISSION OF LIABILITY

This Settlement Agreement is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Defendant.

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Settlement Agreement constitutes a full resolution of Plaintiff's complaint in Civil Action No. S-02-0151-MCE JFM and the underlying charge of discrimination filed with the EEOC.

3. This Settlement Agreement shall become effective upon its execution by the parties.

4. Each party shall bear its own costs and attorney fees.

## IV. MONETARY RELIEF

1. WAP will pay to Jeannie Smith the gross sum total of $15,000.00 (Fifteen Thousand Dollars and no cents).

2. The settlement amount identified in the preceding paragraph is being paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit, Civil Action S-02-0151-MCE JFM, U.S. District Court for the Eastern District of California.

3. The monetary relief shall be paid as follows:

      a.     Within 30 (thirty) days of the execution of this Settlement Agreement, WAP will issue a check in the amount of $15,000.00 (fifteen thousand dollars and no cents) to Jeannie Smith. WAP shall make payment in the form of a business check, cashier's check, or certified check.

      b.     WAP will mail the check to Marcia Mitchell, Senior Trial Attorney, for

Settlement Agreement

2

1    the EEOC who will forward it to Ms. Smith within ten (10) days of receipt.

2               c.    Within ten (10) days of the EEOC's receipt of the aforementioned copy of

3    the check, the EEOC and Defendant shall execute and file a Stipulation and Order of Dismissal

4    of this lawsuit, attaching this Settlement Agreement as an exhibit thereto.

### V. NON-MONETARY RELIEF

6       1. *Sexual Harassment:* Defendant, its officers, agents, management (including

7    supervisory employees), successors and assigns, and all those in active concert or participation

8    with them will comply with all requirements of Title VII with respect to providing a work

9    environment free from discrimination on the basis of sex and free from any action, policy or

10   practice that is intended to or known to them to have the effect of harassing or intimidating any

11   employee on the basis of his or her sex or creating, facilitating or permitting the existence of a

12   work environment that is hostile to female employees.

13      2. *Retaliation:*  Consistent with 42 U.S.C. §704, Defendant, its officers, agents,

14   management (including supervisory employees), successors or assigns, and all those in active

15   concert or participation with them,  agree not to engage in, implement or permit any action,

16   policy or practice with the purpose of retaliating against any current or former employee of

17   Defendant or its successor corporation because he or she opposed any practice of sex

18   discrimination or sexual harassment  made unlawful under Title VII; filed a Charge of

19   Discrimination alleging any such practice; testified or participated in any manner in any

20   investigation (including, without limitation, any internal investigation undertaken by Defendant),

21   proceeding or hearing in connection with this case and/or relating to any claim of sex

22   discrimination or sexual harassment; or was identified as a possible witness in this action.

23      3.    ***Anti-Harassment Policy and Grievance Procedure:*** Within sixty (60) days of the

24   execution of this Agreement, WAP will revise its sexual harassment policy and grievance

25   procedure such that they are minimally consistent with the standards set for in the EEOC's

26
27   Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors.

28               (a)    The revised policy will be distributed to all current employees within

Settlement Agreement

thirty (30) days of the completion of the revisions;

      (b)    The revised policy will be distributed to all new employees at the time of hire;

    4.    ***Anti Discrimination Training:*** WAP will develop and present to all of its employees mandatory sexual harassment training, the cost of which will be borne by WAP.

      (a)    The training will take place within ninety (90) days of execution of this Agreement.

      (b)    The training will be presented by an independent provider, emTrain, which is familiar with the requirements of Title VII of the Civil Rights Act of 1964.  The training will include examples of the types of remarks and behavior that will not be tolerated in Defendant's business locations.  The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's harassment policy.

      (c)    Supervisors and/or managers who are responsible for enforcing Defendant's harassment policy shall also receive training on appropriate techniques for investigating harassment and remedying it.  The training on investigative techniques can be included as a component of other harassment training.

    5.    ***Reporting:***    Within ten (10) days of the completion of the training required in paragraphs Defendant will send the Commission a sworn verification signed by one of its owners that WAP has completed the harassment training for its employees.

      (a)    WAP will submit the following in a report to the EEOC in one year: the dates of the sexual harassment training along with copies of the verification forms for each employee who has completed the training; copies of sexual harassment complaints

Settlement Agreement

received by WAP during the preceding one-year period and a statement, as to each complaint, summarizing the results of the investigation of such complaints, copies of all documents relevant to the complaint and/or investigation of the complaint; a summary of any complaints which were not triggered by a written complaint, and the results of investigation of such complaints.

## VI.  RETENTION OF JURISDICTION AND EXPIRATION OF SETTLEMENT AGREEMENT

1.  This Settlement Agreement shall terminate within one year and sixty (60) days from the date of execution of this Agreement, unless the EEOC petitions this court for an extension of the Agreement because of noncompliance by WAP.  If the EEOC determines that WAP has not complied with the Settlement Agreement, the EEOC will provide written notification of the alleged breach to WAP and will not petition the court for enforcement sooner than thirty (30) days after providing written notification.  The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue.  If the EEOC petitions the court and the court finds WAP in substantial violation of the terms of the Agreement, the court may extend this Settlement Agreement.

2.  U.S. District Judge Morrison C. England shall retain jurisdiction over this action for

///

///

///

///

///

///

///

Settlement Agreement

1    the purposes of enforcing the provisions of this Settlement Agreement pursuant to <u>Kokkenen v.</u>

2    <u>Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 381-82 (1994) and <u>Flanagan v. Arnaiz</u>, 143 F.3d

3    540, 543-44 (9th Cir. 1998) as discussed in the Stipulation and Order of Dismissal.

4

5    On behalf of Plaintiff:                          On behalf of Western Auto Pool &
                                                       Transport Co.
6

7    _____                 _____
     WILLIAM R. TAMAYO                                STEWART KATZ
8    Regional Attorney                                COSTA KERESTENZIS
                                                       Law Office of Stewart Katz
9

10   _____
     JONATHAN T. PECK
11   Supervisory Trial Attorney

12   _____
     MARCIA L. MITCHELL
13   Senior Trial Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Settlement Agreement

**PROOF OF SERVICE**

I, the undersigned, declare that I am over 18 years of age, and not a party to or interested in the within entitled cause. I am an employee of the Law Office of Stewart Katz and my business address is 1001 G Street, Suite 100, Sacramento, CA 95814.

On November 21, 2003, I served the within **STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE with attachment** Case number CIV-S-02-151 MCE KJM, on the parties in this action by:

_✓_ faxing a true copy to the facsimile number below, and:

_✓_ placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail addressed as set forth below:

____ causing to be delivered true copies thereof to the following agencies:

Marcia L. Mitchell
U.S. Equal Employment Opportunity Commission
345 Spear Street, Suite 500
San Francisco, CA 94105-1687
Facsimile: 415-625-5657

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 21, 2003, at Sacramento, California.

Costa Kerestenzis

United States District Court
for the
Eastern District of California
December 2, 2003


* * CERTIFICATE OF SERVICE * *


                              2:02-cv-00151


EEOC

    v.

Western Auto Pool

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  December 2, 2003, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Marcia L Mitchell                AS/MCE
        Equal Employment Opportunity Commission
        San Francisco District Office    CF/JFM
        350 Embarcadero Street
        Suite 500
        San Francisco, CA  94105-1687

        Stewart L Katz
        Law Offices of Stewart Katz
        1001 G Street
        Suite 100
        Sacramento, CA  95814



                              Jack L. Wagner, Clerk

                          BY: _____
                              Deputy Clerk